James P. Carter (SBN 15002)
James.Carter@jacksonlewis.com
Osaama Saifi (SBN 309172)
Osaama.Saifi@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone:   (949) 885-1360
Facsimile:   (949) 885-1380

Attorneys for Defendant
HILLTOP SECURITIES INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE FISTANIC, as an individual and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>HILLTOP SECURITIES INC., a Delaware corporation; and DOES 1 through 100,<br><br>                    Defendants. | CASE NO.:   2:21-cv-634<br><br>**DEFENDANT HILLTOP SECURITIES INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**<br><br>*[Filed concurrently with Civil Cover Sheet; Declarations of Patrick Butts and James P. Carter; Notice of Related Cases; Notice of Interested Parties; and Corporate Disclosure Statement]*<br><br>Complaint Filed:  December 14, 2020<br>Trial Date:          None Set |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT DEFENDANT HILLTOP SECURITIES INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) to remove this action from the Superior Court of California for

the County of Los Angeles on the grounds of diversity jurisdiction. In support thereof, Defendant asserts the following:

## DIVERSITY JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441. This case may be removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2. On December 14, 2020, Plaintiff PIERRE FISTANIC ("Plaintiff") filed a Complaint against Defendant in Los Angeles County Superior Court, which the state court designated as Case No. 20STCV47743. A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to the Declaration of James P. Carter ("Carter Decl.") filed concurrently herewith.

3. In the Complaint, Plaintiff asserts the following cause of action: Private Attorneys General Act, Labor Code section 2698, et seq. ("PAGA"). [**Exhibit A**.]

4. Defendant executed Plaintiff's Notice and Acknowledgment of Receipt, accepting service of a copy of the Summons and Complaint on January 13, 2021. Service was thus effectuated on this date pursuant to California Code of Civil Procedure section 415.30, subsection (b). [Carter Decl., ¶ 4. **Exhibit B** attached thereto.]

5. On January 22, 2021, Defendant answered the Complaint in state court. A true and correct copy of the Answer is attached to the Carter Decl. as **Exhibit C**. [Carter Decl., ¶ 5.]

6. As of the date of this Notice of Removal, Exhibits "A," "B, " and "C" to the Carter Decl. constitute all of the pleadings received or filed by Defendant in this matter, and no further proceedings have occurred in the state court. [Carter Decl., ¶ 6.]

7. Separate from the pleadings received or filed by Defendant in this matter, Defendant received a letter filed by Plaintiff before the Labor and Workforce Development Agency ("LWDA"), dated October 7, 2020, alleging that Defendant

violated various provisions of the Labor Code ("LWDA Letter").  A true and correct copy of the LWDA Letter is attached to the Carter Decl. as **Exhibit D**.  [Carter Decl., ¶ 7.]

8.     This removal is timely because it is filed within thirty (30) days after Defendant's execution of the Notice and Acknowledgement of Receipt, accepting service of a copy of Plaintiff's Summons and Complaint.  This removal is therefore timely filed within the time period mandated by 28 U.S.C. section 1446(b).  The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means.  *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## REMOVAL BASED ON DIVERSITY JURISDICTION

## Diversity of Citizenship

9.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states.

10.     Plaintiff is, and was at all times relevant to this action, an individual residing in California.  [**Exhibit A**, ¶ 3.]  Furthermore, Plaintiff filed his Complaint in the State of California for the County of Los Angeles seeking the protections of the laws of this state.  [**Exhibit A**.]   Thus, Plaintiff should properly be construed a citizen of the State of California.

11.     Defendant is and was at all relevant times incorporated in the State of Delaware, with its principal place of business and headquarters located in Dallas, Texas.  [Declaration of Patrick Butts ("Butts Decl."), ¶3.]  Therefore, Defendant is a citizen of Delaware and Texas.  [*Id*.]

12.     At the time of the filing of the Complaint, Defendant's headquarters and principal place of business was located in Dallas, Texas.  [*Id.*]  As of the date of this Notice of Removal, Defendant's headquarters and principal place of business remains in

Dallas, Texas. [*Id.*] From the executive and administrative offices at this location, Defendant's officers direct, control, and coordinate Defendant's nationwide services and overall business operations. [*Id.*] Defendant's corporate officers perform their primary fundamental operations out of Texas, not California. [*Id.*]

13. Defendant is a citizen of Delaware and Texas for purposes of diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

14. Thus, with Plaintiff as a citizen of California, and Defendant a citizen of Delaware and Texas, complete diversity of citizenship between the parties exist within the meaning of 28 U.S.C. section 1332.

**Basis for Amount in Controversy**

15. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 as required by 28 U.S.C. section 1332, subsection (a). The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks either: (1) non-monetary relief or (2) a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000); *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (finding that the defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim."). A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's

claimed damages exceed the jurisdictional minimum.  *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997).

16.   Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. *See e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.").

17.   In determining whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (finding that the amount in controversy analysis presumes that "plaintiff prevails on liability"), *citing also Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

18.   The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute.  *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

18.   Here, Plaintiff seeks civil penalties due to Plaintiff, other aggrieved employees, and the State of California according to proof pursuant to Labor Code sections 2699 et seq., including, but not limited to: (1) $100 for each initial violation for each failure to pay each employee and $200 for each subsequent violation or

willful or intentional violation pursuant to Labor Code section 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $50 for each initial violation and $100 for each subsequent violation pursuant to Labor Code section 558 per employee per pay period; (3) $100 for each initial violation and $250 for each subsequent violation pursuant to Labor Code section 1197.1 per employee per pay period; (4) $250 for each initial violation of Labor Code section 226 and $1,000 for each subsequent violation, pursuant to Labor Code section 226.3 per employee per pay period; and/or (5) $100 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided, pursuant to Labor Code section 2699(f).  [**Exhibit A**, Prayer, pg. 7, ¶¶ 18-20.]

19. Regarding the above alleged violations, Plaintiff seeks attorneys' fees and costs as provided by Labor Code section 2699(g) and Code of Civil Procedure section 1021.5.  [*Id.*]

19. Although Defendant does not concede—and in fact explicitly denies—that Defendant violated any sections of the Labor Code or any other applicable provisions, that Plaintiff or the allegedly aggrieved employees are entitled to any monetary relief whatsoever stemming from Plaintiff's Complaint, or that Plaintiff may "stack" alleged violations to enhance damages, Defendant herein sets forth the delineation of the amount in controversy, which exceeds the $75,000 jurisdictional minimum for this Court.

**Cause of Action for Private Attorneys General Act ("PAGA")**

20. Plaintiff identifies seventeen (17) alleged Labor Code provisions subject to civil penalties under his PAGA Cause of Action and attributes a different assessment of penalties for these violations.  [**Exhibit A**, ¶ 15 and Prayer, pg. 7, ¶¶ 18-20.]  Although Defendant maintains that Plaintiff may not "stack" PAGA civil penalties and does not concede this point, for the purposes of removal it is assumed that Plaintiff could potentially recover a civil penalty for each of the 17 allegedly violated Labor Code provisions.  Generally, PAGA provides default civil penalties in the amount of one

hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.  Cal. Lab. Code § 2699.  As noted above, Plaintiff has also identified Labor Code violations and alleges different civil penalty assessments.

21.    Plaintiff filed his Complaint on December 14, 2020.  Given this, Plaintiff seeks civil penalties for the above-mentioned statutes for the time period of one year plus the sixty-five days tolled from filing the LWDA letter to the present.  This places the relevant statutory period from October 10, 2019 to the present, which given that Plaintiff's employment terminated on September 1, 2020, requires us to use that date in lieu of the present.  [See **Exhibit A**; see also Butts Decl., ¶ 4 and Carter Decl., ¶ 7.] Between October 10, 2019 and September 1, 2020, there are twenty-six (26) pay periods at issue in connection with Plaintiff's PAGA claim as they apply to Plaintiff's civil penalties only.  [Butts Decl., ¶ 5].  Accordingly, for Plaintiff alone, the amount in controversy for Plaintiff's PAGA Cause of Action is **at least $100,450**, calculated as follows:

22.    Regarding alleged violations of Labor Code sections 201, 202, 203, 204, 226.2, 226.7, 516, 1174, 1182.12, 1194, 1194.2, 1197, and 1198, it is $100 for each initial violation and $200 for each subsequent violation. The calculation is as follows:

a.    **Initial Violation ($100)**: Labor Code sections allegedly violated (13) x number of applicable pay periods (1) x initial violation penalty ($100) = **$1,300.**

b.    **Subsequent Violations ($200)**: Labor Code sections allegedly violated (13) x number of applicable pay periods (25) x subsequent violation penalty ($200) = **$65,000.**

23.    Regarding alleged violations of Labor Code section 558, it is $50 for each initial violation and $100 for each subsequent violation. The calculation is as follows:

a.    **Initial Violation ($50)**: Labor Code sections allegedly violated (1) x number of applicable pay periods (1) x initial violation penalty ($50) = **$50.**

      **b.**    **Subsequent Violations ($100)**: Labor Code sections allegedly violated (1) x number of applicable pay periods (25) x subsequent violation penalty ($100) = **$2,500.**

24.    Regarding alleged violations of Labor Code section 1197.1, it is $100 for each initial violation and $250 for each subsequent violation.  The calculation is as follows:

      **a.**    **Initial Violation ($100)**: Labor Code sections allegedly violated (1) x number of applicable pay periods (1) x initial violation penalty ($100) = **$100**

      **b.**    **Subsequent Violations ($250)**: Labor Code sections allegedly violated (1) x number of applicable pay periods (25) x subsequent violation penalty ($250) = **$6,250.**

25.    Regarding alleged violations of Labor Code section 226, it is $250 for each initial violation and $1,000 for each subsequent violation.  The calculation is as follows:

      **a.**    **Initial Violation ($250)**: Labor Code sections allegedly violated (1) x number of applicable pay periods (1) x initial violation penalty ($250) = **$250.**

      **b.**    **Subsequent Violations ($1,000)**: Labor Code sections allegedly violated (1) x number of applicable pay periods (25) x subsequent violation penalty ($1,000) = **$25,000.**

**Attorneys' Fees**

26.    Plaintiff also seeks to recover attorneys' fees in connection with his First cause of action.  [**Exhibit A**, ¶ 17 and Prayer, ¶ 19.]  Plaintiff's claims for attorneys' fees will likely exceed $75,000.  Defendant's lead counsel, James P. Carter, has represented employers in employment litigation for over thirty (30) years in California, and is familiar with fees requested by Plaintiff's counsel in similar actions filed in California state and federal courts alleging wage and hour violations and related claims.  [Carter

Decl., ¶ 8.]  Based on Plaintiff's allegations, it would not be unreasonable to expect that the attorneys' fees that Plaintiff's counsel will incur on Plaintiff's behalf and will seek to recover will be well in excess of **$75,000** through trial.  [*See id.*]; *see also Celestino v. Renal Advantage, Inc.* (N.D. Cal. 2007) 2007 U.S. Dist. LEXIS 33827, *11 ("the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

**Total Potential Estimate of Plaintiff's Recovery**

27.    Given the above, the amount in controversy for Plaintiff's claims as it pertains to Plaintiff individually is, at a minimum, **$175,450.**

28.    Accordingly, given the amounts of the potential damages at issue as outlined above, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover in excess of $75,000 should he prevail.  *Anthony v. Sec. Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-87 (10th Cir. 1994).

29.    For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

**VENUE**

30.    Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441(a) and 1332(a) because the state action was filed in this District and division, thereby embracing the place where this action is pending.

**NOTICE TO COURT AND PARTIES**

31.    Along with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of Los Angeles.

32.    This Notice of Removal is signed by counsel for Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Dated:        January 22, 2021            JACKSON LEWIS P.C.


                                          /s/ James P. Carter
                                          James P. Carter
                                          Osaama Saifi

                                          Attorneys for Defendant
                                          HILLTOP SECURITIES INC.