# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE FISTANIC,<br>  Plaintiff,<br><br>    v.<br><br>HILLTOP SECURITIES INC.,<br>  Defendant. | CV 21-634 DSF (KSx)<br><br>Order GRANTING Motion to Remand (Dkt. No. 11) |

  On January 22, 2021, Defendant removed this case on the basis of traditional diversity jurisdiction. There is no claim that jurisdiction exists under the Class Action Fairness Act. The sole claim in the case is one under the California Private Attorneys General Act (PAGA). Plaintiff has moved to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for March 22, 2021 is removed from the Court's calendar.

  There appears to be no dispute that Defendant can only establish that the amount in controversy exceeds $75,000 if the State of California's 75% share of the PAGA recovery is aggregated with Plaintiff's 25% share. In Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1122 (9th Cir. 2013), the Ninth Circuit held that multiple employees' PAGA recoveries cannot be aggregated to satisfy the amount in controversy requirement. While Urbino did not directly address the treatment of the State's share of the recovery, it strongly suggested that aggregation of any recovery by the State would be inappropriate by noting that benefits "which will inure to the state" would make the State a real party in interest and destroy diversity. Id.

at 1122-23. Urbino's logic indicates that a removing defendant cannot have it both ways. If the State's share is to be considered for removal purposes, then the State's interests should also be considered in determining diversity of citizenship. On the other hand, the State's monetary recovery is disregarded for the real party in interest analysis, it is not proper to nonetheless include the State's share of the recovery when calculating the amount in controversy.

The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: March 15, 2021

Dale S. Fischer
United States District Judge